UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:13-CR-152 |
| ) | |
| BELA GABOR KOSA II ) | |

**MEMORANDUM AND ORDER**

The defendant pled guilty to distribution of child pornography. He will be sentenced on January 26, 2015. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR"). In material part, the PSR recommends imposition of 11 sex-offender supervision conditions taken from this court's Local Rules. *See* E.D. Tenn. L.R. 83.10(b). The defendant objects to three of those special conditions. For the reasons that follow, the defendant's objections will be sustained in part and overruled in part.

I.

*Background*

In his plea agreement, the defendant admits to possessing 12 videos and at least 600 images of child pornography. [Doc. 25, ¶ 6]. At least three of the images distributed by the defendant are of a particularly disturbing nature involving intimate physical contact between adult males and prepubescent females. *Id.* ¶¶ 5, 6. The defendant knew his conduct was illegal and "he assumed law enforcement would come

someday." *Id.* ¶ 6. The plea agreement further contains the defendant's admission that on October 8, 2013, he informed officers "that he was accused of molesting an eight-year-old family member, but that someone else was actually the perpetrator; and that he was in contact with a man who was possibly abusing children . . . ." *Id.* A tablet and flash drive containing child pornography was hidden between the defendant's mattress and box springs. *Id.*

II.

*Special Conditions of Supervision*

As noted, the PSR recommends imposition of eleven of the sex-offender special conditions of supervision adopted by this court's Local Rule 83.10(b), and the defendant objects to three of those conditions in full or in part.

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. <u>First</u>, the condition must be "reasonably related to" several sentencing factors. These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." <u>Second</u>, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." <u>Third</u>, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." Because they are written in the conjunctive, a condition must satisfy all three requirements. However, a condition need not satisfy every single factor and purpose within each of the first two requirements.

2

*United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (footnote and citations omitted) (emphasis added).

### A. Local Rule 83.10(b)(5)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(5) which provides:

> The defendant shall not possess any printed photographs, paintings, recorded material, or electronically produced material that he/she may use for the purpose of deviant sexual arousal. Nor shall he/she visit, frequent, or remain about any place where such material is available to him/her for the purpose of deviant sexual arousal.

The defendant objects that this condition: infringes on his First Amendment rights; infringes on his Fifth Amendment rights; and is both vague and overly broad. These issues are presented in such a barebones fashion that the court deems them forfeited. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted). Even if these arguments were not forfeited, the Sixth Circuit Court of Appeals has already considered and rejected them. *See, e.g, United States v. Shultz*, 733 F.3d 616 (6th Cir. 2013).

Turning to the *Carter* test, the court first finds that Local Rule 83.10(b)(5) is reasonably related to several sentencing factors. The present defendant admittedly possessed a significant quantity of child pornography images, some of which were of an exceptionally disturbing nature. The defendant concealed the images in his possession. He maintained and distributed images knowing both that his conduct was illegal and that he would likely one day be arrested. The defendant was also in contact with one possible

3

hands-on child abuser. In light of these facts, the court is satisfied that Local Rule 83.10(b)(5) is reasonably related to the sentencing considerations of: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need to protect the public from further crimes of the defendant; and the defendant's need for rehabilitation. *Carter*, 463 F.3d at 529.

As for *Carter*'s second prong, the court finds that Local Rule 83.10(b)(5) involves no greater deprivation of liberty than is reasonably necessary for the sentencing purposes of adequate deterrence, protection of the public, and rehabilitation. Imposition of Local Rule 83.10(b)(5) is not a greater than reasonably necessary degree of restriction in light of the defendant's distribution of extraordinarily disturbing images to other child pornography possessors and his association with at least one possible hands-on child abuser.

As for *Carter*'s final prong, the court finds that imposition of Local Rule 83.10(b)(5) would be consistent with pertinent policy statements issued by the Sentencing Commission. Guideline section 5D1.3(c) is a policy statement of the Sentencing Commission. That policy statement notes the importance of conditions limiting association with other criminals and the possession of contraband.

For these reasons, the court finds that imposition of Local Rule 83.10(b)(5) satisfies *Carter*'s three-pronged test in this case. With that said, the court will however impose this special condition in the slightly modified form suggested by the defendant. "[I]t may be worthwhile for district courts to replace 'deviant sexual arousal' with

4

Case 3:13-cr-00152-RLJ-CCS   Document 40   Filed 01/14/15   Page 4 of 8   PageID #: 150

something more definite, such as 'arousal of sexual interest in children.'" *Shultz*, 733 F.3d at 625. The suggested modification is acceptable to the court in this case.

B. Local Rule 83.10(b)(8)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(8) which provides:

> The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations.

The defendant argues: that polygraph *evidence* is unreliable; that his supervised release could potentially be revoked based on a polygraph; and that "[h]e has no way of knowing if he will have the funds to pay for such an expense, and he objects to the fact that he could potentially be revoked and placed in jail due to lack of funds."

Presuming without deciding that this objection is even ripe, *see, e.g., United States v. Lee*, 502 F.3d 447 (6th Cir. 2007), the defendant's arguments are not well-taken. Polygraphs "are tools to help the probation officer monitor defendant's rehabilitation and compliance with release conditions; the tests are not geared toward the collection of evidence for prosecution of possible future parole violations." *United States v. Wilson*, No. 98-5373, 1998 WL 939987, at *3 (6th Cir. Dec. 22, 1998). "The probation office's use of polygraph testing . . . is reasonably related to [defendant's] status as a sex offender, the need to deter further criminal conduct and to protect the public, and [defendant's] own correctional treatment." *United States v. Teeple*, 447 F. App'x 712, 713 (6th Cir. 2012); *accord Wilson*, 1998 WL 939987, at *3.

5

As to the defendant's speculative concern over a future revocation of his supervision, "Obviously, defendant retains the right to challenge the reliability of polygraph . . . tests should they be used in the future by the government as a basis for seeking revocation of his supervised release." *Wilson*, 1998 WL 939987, at *3. As for the defendant's worry that he may not be able to afford a polygraph in the future, that concern is speculative and it is outweighed by more concrete sentencing considerations such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to protect the public from further crimes; and the need for rehabilitation..

For the reasons discussed in this and the preceding section of this opinion, the court finds that imposition of Local Rule 83.10(b)(8) satisfies *Carter*'s three-pronged test in this case. The defendant's objection will be overruled.

### C. Local Rule 83.10(b)(10)

The PSR recommends imposition of the special condition found at Local Rule 83.10(b)(10) which provides:

> The defendant shall submit his/her person, residence, vehicle, or any area over which he/she exercises control to a search conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, without prior notice or search warrant, in order to determine if the defendant is in compliance with the conditions of supervision. The defendant shall warn anyone with whom he/she resides that the premises may be subject to searches pursuant to this condition.

The defendant does not completely object to imposition of this special condition. Instead, he asks that the condition be imposed in a modified form requiring that searches be supported by reasonable suspicion. *See, e.g., United States v. Hicks*, No

6

3:13-CR-129, doc. 46, p. 4-5 (E.D. Tenn. June 23, 2014) (judgment entered by another judge of this court, imposing Local Rule 83.10(b)(10) in the form requested by the instant defendant). The requested modification is satisfactory to the court and will be employed in this case. *See United States v. Knights*, 534 U.S. 112, 121 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable.")

III.

*Conclusion*

The defendant's objections to the imposition of Local Rule special conditions 83.10(b)(5) and (b)(10) are **SUSTAINED IN PART**, in that those special conditions will be imposed in the following modified forms:

> The defendant shall not possess any printed photographs, paintings, recorded material, or electronically produced material that he/she may use for the purpose of *arousal of sexual interest in children*. Nor shall he/she visit, frequent, or remain about any place where such material is available to him/her for the purpose of *arousal of sexual interest in children*. LR 83.10(b)(5).

> The defendant shall submit his/her person, residence, vehicle, or any area over which he/she exercises control to a search conducted by a United States Probation Officer, *with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant*, at a reasonable time and in a reasonable manner, without prior notice or search warrant, in order to determine if the defendant is in compliance with the conditions of supervision. The defendant shall warn anyone with whom he/she resides that the premises may be subject to searches pursuant to this condition. LR 83.10(b)(10).

7

The defendant's objection to Local Rule special condition 83.10(b)(8) is **OVERRULED**. Sentencing remains set for January 26, 2015, at 1:30 p.m.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge